IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BREINING INSTITUTE,

        Plaintiffs,                      No. CIV S-13-0542 KJM KJN

      v.

INSTITUTE FOR CREDENTIALING EXCELLENCE, dba NATIONAL COMMISSION FOR CERTIFYING AGENCIES,                      ORDER

        Defendant.

_____/

        Breining Institute is one of ten organizations approved by the California Department of Alcohol and Drug Programs to register and certify substance abuse counselors in the State of California. 9 CAL. CODE REGS. § 13035(a)(1).  In turn, it must be accredited by the National Commission for Certifying Agencies (NCCA). *Id.* § 13035(c)(2).

        On March 8, 2013, Breining filed a petition for writ of administrative mandate in Sacramento County Superior Court, seeking an order directing NCCA to vacate its decision denying Breining's application for renewal of its accreditation and to consider the renewal application through a fair process.  ECF No. 1-2 at 2-136; *see generally Anton v. San Antonio Cmty. Hosp.*, 19 Cal. 3d 802, 815-20 (1977) (recognizing that administrative mandamus procedure applies to non-governmental agencies); CAL. CIV. PROC. CODE § 1094.5.

On March 19, 2013, NCCA, a non-profit corporation organized and existing under the laws of the District of Columbia with its principal place of business in the District of Columbia, removed the action to this court, invoking this court's jurisdiction under 28 U.S.C. § 1441(b). ECF No. 1. In its notice of removal, NCCA claims that "the amount in controversy exceeds $75,000 excluding interest and costs." *Id*. at 2.

Breining has now filed an application for a temporary restraining order, which draws the court's attention to the case at this point in time. ECF No. 4.

District courts have original jurisdiction in two situations: 1) federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States;" and 2) diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is complete diversity between the parties. 28 U.S.C. §§ 1331, 1332(a). The removal statute, 28 U.S.C. § 1441(a), provides: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). There is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Id*.; *see also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Furthermore, "removal jurisdiction is strictly construed in favor of remand." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169 (E.D. Cal. 2011) (citing *Harris v. Bankers Life and Cas. Co*.,

/////

425 F.3d 689, 698 (9th Cir. 2005)).  Accordingly, "the court resolves all ambiguity in favor of remand to state court."  *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

"Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met."  *Abrego Abrego*, 443 F.3d at 683.   A court "cannot base [its] jurisdiction on Defendant's speculation and conjecture."  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007).

NCCA has not met its burden of providing sufficient evidence that it is "more likely than not" that the amount in controversy requirement is satisfied, as it has provided nothing but an unadorned, unsupported statement concerning the amount in controversy. Plaintiff seeks a fair hearing, not damages, and it is not clear that plaintiff could even seek damages in an administrative mandamus action.  *See* CAL. CIV. PROC. CODE § 1094.5(f) ("The court shall enter judgment either commanding respondent to set aside the order or decision, or denying the writ."); *Smith v. Shewry*, 173 Cal. App. 4th 1163, 1172 (2009) (stating that the nature of administrative mandamus is to challenge a specific decision in an administrative hearing as to a particular party).  Because defendant has not borne its burden of establishing the amount in controversy, the court need not consider whether an administrative mandamus proceeding is an action, subject to removal.  *See Mata v. City of Los Angeles*, 20 Cal. App. 4th 141, 149 (1993) (stating that an administrative mandamus petition is technically not an action, but rather is a special proceeding); CAL. CIV. PROC. CODE §§ 22, 23.

/////
/////
/////
/////
/////
/////

3

Because defendant has not borne its burden of showing the jurisdictional amount for diversity jurisdiction has been met, the court REMANDS this case to Sacramento County Superior Court and DENIES all pending motions as moot, without prejudice.

IT IS SO ORDERED.

DATED: March 20, 2013.

UNITED STATES DISTRICT JUDGE